ERIC H. HOLDER
Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN J. STRETCH
Assistant United States Attorney
Chief, Criminal Division

TRACIE L. BROWN (Cal. State Bar No. 184339)
JEFFREY R. FINIGAN (Cal. State Bar No. 168285)
Assistant United States Attorneys
White Collar Crimes Section
    Philip Burton Federal Building
    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    E-mail: tracie.brown@usdoj.gov
            jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. SA CR 10-0046 AG |
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
| v. | ) PETER H. NORELL, JR. |
| PETER H. NORELL, JR., | ) |
| Defendant. | ) |

1. This constitutes the plea agreement between PETER H. NORELL, JR., ("defendant") and the United States Attorney's Office for the Northern District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO, which is responsible for prosecuting this matter on behalf of the United States following recusal of the United States Attorney's

Office for the Central District of California, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2. Defendant agrees to plead guilty to count one of the information in <u>United States v. Peter H. Norell, Jr.</u>, CR No SA CR 10-0046 AG.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 1030(a)(2)(B), the following must be true: Defendant (1) intentionally accessed a computer without authorization, or intentionally exceeded authorized access to a computer; (2) and thereby obtained information; (3) from any department or agency of the United States. Defendant admits that he is, in fact, guilty of this offense as described in count one of the information.

## PENALTIES

4. Pursuant to Title 18, United States Code, Section 1030(c)(2)(A), the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1030(a)(2)(B), is: 1 year imprisonment; a 1-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $25.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if

defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11, below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Throughout 2005, Peter H. Norell, Jr., was a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") in Santa

Ana, California, within the Central District of California. The FBI is an agency of the United States. On August 23, August 29, and September 2, 2005, Norell intentionally used an FBI computer in his office to access FBI databases to search for information about an individual, T.S. Norell thereby obtained information from the FBI about T.S. as a result of his intentional access of the FBI computer on those dates. Norell obtained the information related to T.S. to assist a personal acquaintance's efforts to collect a debt owed by T.S. to Norell's personal acquaintance and, according to Norell's understanding, other investors. The amount of the debt was in dispute between T.S. and Norell's personal acquaintance. Although Norell never intended to and never did initiate a legitimate FBI investigation into T.S., Norell threatened to initiate an FBI investigation into T.S. if T.S. did not repay the debt. Norell communicated his threats to initiate an FBI investigation to T.S. in multiple phone calls, as well as in person when Norell went to T.S.'s home at 6:45 a.m. on September 16, 2005. Norell was informed that T.S. thereafter paid a portion of the debt to Norell's personal acquaintance. Norell knew he was not authorized to obtain information from the FBI computer for the purpose of assisting his personal acquaintance in obtaining payment of the debt, and his access of the FBI computer on the aforementioned dates therefore exceeded his authorization in violation of 18 U.S.C. § 1030(a)(2)(B).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

9. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

1    b) The right to a speedy and public trial by jury.

2    c) The right to the assistance of legal counsel at
3 trial, including the right to have the Court appoint counsel for
4 defendant for the purpose of representation at trial. (In this
5 regard, defendant understands that, despite his plea of guilty,
6 he retains the right to be represented by counsel -- and, if
7 necessary, to have the court appoint counsel if defendant cannot
8 afford counsel -- at every other stage of the proceeding.)

9    d) The right to be presumed innocent and to have the
10 burden of proof placed on the government to prove defendant
11 guilty beyond a reasonable doubt.

12   e) The right to confront and cross-examine witnesses
13 against defendant.

14   f) The right, if defendant wished, to testify on
15 defendant's own behalf and present evidence in opposition to the
16 charges, including the right to call witnesses and to subpoena
17 those witnesses to testify.

18   g) The right not to be compelled to testify, and, if
19 defendant chose not to testify or present evidence, to have that
20 choice not be used against defendant.

21   By pleading guilty, defendant also gives up any and all
22 rights to pursue any affirmative defenses, Fourth Amendment or
23 Fifth Amendment claims, and other pretrial motions that have been
24 filed or could be filed.

25                        SENTENCING FACTORS

26   10. Defendant understands that the Court is required to
27 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
28 including the kinds of sentence and sentencing range established

under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level : 6 | [U.S.S.G. § 2B1.1(a)(2)] |
| Specific Offense Characteristics (specify) : +2 | [U.S.S.G. § 2B1.1(b)(16)(i)] |
| Adjustments (specify) : +2 | [U.S.S.G. § 3B1.3] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12.  There is no agreement as to defendant's criminal history or criminal history category.

13.  Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

14.  The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and

the Court, and (b) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

15. Defendant agrees that:

a) He will plead guilty as set forth in this agreement, and will not ask the Court to withdraw his guilty plea at any time after it is entered.

b) He will not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) He will not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other court order in this matter.

d) He will not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) He will not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) He will pay the applicable special assessment at or before the time of sentencing.

g) He will submit his written resignation to the FBI no later than 5:00 p.m. on March 8, 2010, effective immediately.

h) He will not ask the Court for a continuance of his sentencing hearing without the consent of the United States.

i) Upon execution of this agreement, (i) the stipulated factual basis statement in paragraph 8 of this agreement; (ii) any statements made by defendant, under oath, at the guilty plea hearing; and (iii) any evidence derived from such statements, are admissible against defendant in any further proceedings against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## THE USAO'S OBLIGATIONS

16. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for defendant's conduct described in the stipulated factual basis set forth in paragraph 8 above. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed

after consideration of the Sentencing Guidelines and all other relevant factors.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable Sentencing Guideline offense level, pursuant to U.S.S.G. § 3E1.1.

## BREACH OF AGREEMENT

17. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

18. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO elect to pursue any charge against defendant, including but not limited to violations of Title 18, United States Code, Sections 201(b)(2) and/or 872, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## WAIVER OF APPEAL

19. Defendant agrees to give up his right to appeal his conviction, the judgment, and orders of the Court. He also agrees to waive any right he may have to appeal any aspect of his sentence, including any orders relating to forfeiture and/or restitution. He agrees not to file any collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after he is sentenced, except for a claim that his constitutional right to the effective assistance of counsel was violated.

## COURT NOT A PARTY

20. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

21. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

22. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. RUSSONIELLO
United States Attorney

_/s/ Tracie L. Brown / Jeffrey R. Finigan_      3-7-10
TRACIE L. BROWN/JEFFREY R. FINIGAN     Date
Assistant United States Attorneys

I have read this agreement and carefully discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorneys have advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the

11

consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorneys in this matter.

_____     03/07/2010
PETER H. NORELL, JR.               Date
Defendant

I am one of the attorneys for Peter H. Norell, Jr. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____     3/7/10
JOHN D. CLINE/THOMAS S. McCONVILLE  Date
Counsel for Defendant
Peter H. Norell, Jr.